## LAWLESS v. SMITH.*

### No. 14233.

Court of Appeal of Louisiana. Orleans

Jan. 2, 1934.

J. A. Woodville, of New Orleans, for appellant.

Jos. Rosenberg and C. F. Dumaine, both of New Orleans, for appellee.

WESTERFIELD, Judge.

Leon M. Smith operated a gasoline station, and had as one of his employees Christopher J. Lawless. Smith had made a contract with the Liberty Oil Company whereby a discount on the gasoline bought from that company of 4 cents a gallon was allowed, 2 cents on delivery of the gasoline at the station upon payment of the price, and 2 cents upon the total gallonage bought each month, payable monthly. Smith, who owned the property subject to a heavy mortgage, made an arrangement with his mortgagee under which he agreed to pay the monthly rebate allowed him by the oil company on account of his indebtedness. For reasons best known to Smith, he leased the station to his employee, Lawless, for $5.40 a day. Lawless operated the station for nineteen days and paid his daily rent, when, apparently by mutual consent, the rental agreement was terminated. Lawless had received the 2 cents cash discount on gasoline which he bought during his control of the business, but did not get the monthly rebate, which, during the nineteen days, had amounted to $135.92. In fact, Lawless did not know of this rebate which was being credited by the Liberty Oil Company to Smith's account until some time after the termination of his lease agreement. However, when he did find it out, he made demand upon Smith for payment, which was refused, and this suit followed.

The defense, which was successfully urged below and is now repeated in this court in oral argument and in brief, is not easily understood. It seems to be based upon the fact that Smith had a contract with the Liberty Oil Company at the time he ran the station, and that, since the oil company saw fit to sell gasoline to his successor on the same basis, he (Smith) should receive the monthly rebate, which was erroneously credited to his account. It is also argued that, because Smith had agreed to pay the avails of this rebate to the holder of the mortgage note bearing on the property in which the oil station was conducted, some sort of a lien or other right to the rebate on the gasoline which Lawless bought and sold was created.

We can find no merit whatever in these defenses. The rebate claimed was allowed on gasoline paid for by Lawless as the lessee and operator of the oil station, and the fact that the same terms were given Lawless as had been formerly allowed Smith is of no consequence. The rebate belongs to Lawless, the purchaser of the gasoline, since there was no agreement to the contrary.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Christopher J. Lawless, and against the defendant, Leon M. Smith, in the full sum of $135.92, with legal interest from January 8, 1929, until paid, and all costs.

Reversed.

*Rehearing denied January 15, 1934.